IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GREGORY BERNARD CANTRELL, | : | MOTION TO VACATE |
| | : | 28 U.S.C. § 2255 |
| Movant, | : | |
| | : | CRIMINAL INDICTMENT NO. |
| v. | : | 1:10-CR-0522-SCJ-JFK-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL FILE NO. |
| Respondent. | : | 1:13-CV-4284-SCJ-JFK |
| | : | |

**UNITED STATES MAGISTRATE
JUDGE'S FINAL REPORT AND RECOMMENDATION**

Movant has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence entered under the above criminal docket number. The matter is before the Court on the § 2255 motion, (Doc. 101), Respondent's response, (Doc. 104), and Movant's reply, (Doc. 108). For the reasons discussed below, Movant's motion to vacate is due to be denied.

**I.   Background**

The Grand Jury for the Northern District of Georgia indicted Movant on three counts of possessing with intent to distribute heroin. (Doc. 1). Movant proceeded to trial represented by Jay Lester Strongwater. (Doc. 83). The jury convicted Movant on all counts. (Doc. 59). The Court sentenced Movant to three concurrent 180-month

terms of imprisonment. (Doc. 72). Movant appealed, and the Eleventh Circuit Court of Appeals affirmed. (See Doc. 98).

Movant now brings this § 2255 motion and argues that counsel provided ineffective assistance by inadequately advising him on a favorable guilty plea offer by the government. (Doc. 101 at 4).

## II.   28 U.S.C. § 2255 Standard

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." Lynn v. United States, 365 F.3d 1225, 1232 (2004) (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted); see also Massaro v. United States, 538 U.S. 500, 505-09 (2003) (holding that a constitutional claim of ineffective assistance of counsel generally is properly raised on collateral review in order to allow for adequate development and presentation of relevant facts). On collateral review, it

is the movant's burden to establish his right to relief. <u>Mackey v. United States</u>, 221 F. App'x 907, 910 (11th Cir. 2007).

"An evidentiary hearing is not required when 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" <u>Gordon v. United States</u>, 518 F.3d 1291, 1301 (11th Cir. 2008) (quoting § 2255). That is the case here, as shown in the discussion below.

### III.   Discussion

Movant originally was indicted in 2010 on three counts of possessing with intent to distribute heroin. Indictment, <u>United States v. Cantrell</u>, No. 1:10-cr-0131-MHS-JFK-1 (N.D. Ga. Dec. 10, 2010). In those proceedings, Movant was represented by W. Sander Callahan, who, according to Movant, advised him that he was not a career offender and that, if convicted on the small amount of heroin involved, he faced a sentence of approximately thirty-seven months whether he went to trial or not. (Doc. 101, Mem. at 2 and Aff. ¶ 7). In December 2010, Movant moved that the action be dismissed based on a violation of the Speedy Trial Act and stated, among other things, that the government had argued that Movant was a career offender who would be subject to a 262-327 month term of imprisonment. Mot. ¶ 34, <u>Cantrell</u>, No. 1:10-cr-0131-MHS-JFK-1, ECF No. 33. The indictment in that case was dismissed without

3

prejudice based on speedy trial concerns. Order, Cantrell, No. 1:10-cr-0131-MHS-JFK-1, ECF No. 36.

Movant was re-indicted in the instant action on the same three counts of possessing with intent to distribute heroin and, initially, was represented by Jeffrey P. Manciagli. (Docs. 1, 12). On November 28, 2011, the government gave notice of its intent to introduce into evidence, among other things, (1) Movant's 1996 Fulton County conviction for possessing with intent to distribute cocaine, case number Z79157, and (2) his 2001 Fulton County conviction for possessing cocaine, criminal action number 2001SC08833. (Doc. 22 at 1).

Manciagli and the government also participated in plea negotiations. (See Doc. 19 at 5-6). In December 2011, the government proposed a written plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(B). (Doc. 104, Ex. A at 1). The proposed offer agreed, among other things, that Movant would plead guilty to Count Three, that the government would recommend an acceptance-of-responsibility adjustment to the offense level, and that "the Government and the Defendant stipulate and agree that, based upon the information currently available to the Government, Defendant is not a Career Offender[.]" (Id. at 5-6). The government reserved the right to modify its

4

recommendations in the event it obtained "additional evidence concerning the facts[.]" (Id. at 6).

Movant did not accept the plea agreement. Manciagli and Movant came to an impasse, and the Court appointed Strongwater to represent Movant for trial. (See Doc. 25; Doc. 101, Mem. at 3). The jury convicted Movant on all three counts. (Doc. 59).

Based on his 1996 and 2001 convictions discussed above, Movant was classified in the presentence investigation report ("PSR") as a career offender under U.S.S.G. § 4B1.1 (dictating that career offender classification requires at least two prior felony convictions for a crime of violence or a controlled substance offense).[1] (Doc. 75, PSR at 8-9, 11). Movant objected to his career offender classification, particularly the use of his 1996 conviction, when two of Movant's prior attorneys and the government had previously determined that he was not a career offender. (Id. at 12). The government stated that it had no objections to the PSR and stated that its prior information had been incomplete on Movant's 1996 conviction and that the government had not known that

---

[1] A prior conviction counts under § 4B1.1 "when 'imprisonment exceeding one year and one month . . . was imposed within fifteen years of the defendant's commencement of the instant offense.'" United States v. Shannon, 449 F.3d 1146, 1148 (11th Cir. 2006) (quoting U.S.S.G. § 4A1.2(e)(1)). "A prior conviction also is counted when 'any prior sentence of imprisonment exceeding one year and one month, whenever imposed, . . . resulted in the defendant being incarcerated during any part of such fifteen-year period.'" Id. (quoting U.S.S.G. § 4A1.2(e)(1)).

5

in 1998 the state court had "revoked [Movant's] probation under his 1996 conviction, for a period of 2 years, 6 months." (Id., letter dated April 26, 2012). The government concluded that it now appeared that Movant had "two prior felony convictions for a controlled substance offense for which he had received a sentence of imprisonment that resulted in incarceration during the 15 years preceding commencement of the instant offense." (Id.).

On consideration of the parties' arguments at sentencing, the Court overruled Movant's objections to the use of his 1996 conviction as a qualifying conviction and classified Movant as a career offender. (Doc. 87 at 29). Based on an adjusted offense level of thirty-four for being a career offender, Movant's guidelines range was 262 to 327 months. (Id. at 35). Movant sought a below guidelines sentence of 48 months. (Id. at 39). After discussing its concerns with Movant's addiction, continued criminal history, and willingness to facilitate others becoming addicts, the Court sentenced Movant below the guidelines range to 180 months in confinement, with the 180 months to run concurrently for all counts. (Id. at 42, 44; Doc. 72).

On direct appeal, Movant argued (1) that an agent's testimony impermissibly suggested that he was guilty by association with heroin traffickers, (2) that the Court's admittance of evidence of his prior convictions was unfairly prejudicial, and (3) that

he received ineffective assistance of counsel when his former attorneys advised that he would not be considered a career offender and he rejected the government's plea offer based on that understanding. (See Doc. 98 at 2-3). The Eleventh Circuit Court of Appeals dismissed the ineffective assistance claim as premature and affirmed Movant's convictions. (Id. at 6).

Movant argues in his § 2255 motion that counsel performed deficiently by advising him that he would not be sentenced as a career offender and by failing to communicate adequately the government's plea offer and that he was prejudiced because he rejected the plea offer based on counsel's advice and proceeded to trial only to receive a much harsher sentence than he would have received had he accepted the plea offer.[2] (Doc. 101 at 4). Movant states that Callahan's advice was "confirmed by . . . Manciagli who agreed with the statements made by attorney Callahan and the government in it's 'formal plea offer' that Movant was not a career offender[.]" (Id., Mem. at 2). Movant further states that, at the time Strongwater was appointed, he "had

---

[2]If the plea offer had been accepted and no further information been uncovered that showed Movant was a career offender, it appears that Movant's offense level could have been fourteen (if he had received a two-level reduction for acceptance of responsibility) and that (with a criminal history category of six) his guidelines range would have been thirty-seven to forty-six months. (See Doc. 75, PSR at 5; Doc. 87 at 35 (sustaining objection to weapon enhancement)); see also U.S.S.G. ch. 5, pt. A, Sentencing Table.

7

not been told anything that contradicted the advi[c]e of the two attorneys and confirmed by the government in it's plea offer . . . that Movant was not a career offender." (Id. at 3). Movant also states, in a somewhat contradictory fashion, that Manciagli failed to communicate the government's December 2011 offer or its content or to consult with him on its terms and conditions, that he never reviewed the written agreement with his attorneys, and that he did not learn of the formal written offer until Strongwater was appointed for trial.[3]  (Id. at 3, 5; Doc. 105 Aff. ¶ 23; Doc. 108 at 4).

Movant argues that based on counsels' advice that he was not a career offender, he saw no significant difference in pleading guilty versus going to trial. (Doc. 101, Mem. at 4). Movant contends that, if he had been properly advised that he was a career offender, he would have pleaded guilty to receive an adjustment for acceptance of responsibility. (Id. at 5).

The government argues that prejudice is lacking (1) because, even if the parties had accepted the proposed plea agreement, it did not prohibit the government from changing its recommendation when it learned additional facts showing that Movant

---

[3]Movant has stated that Manciagli advised him of a possible offer of six-months jail time if he provided cooperation with the government. (Doc. 105, Aff. ¶ 14). There is no indication in the record that this alleged offer ever became a formal offer, and it is not further addressed.

qualified as a career offender and (2) because the Court was not bound by the government's recommendations and would have found that Movant was a career offender and sentenced him as such. (Doc. 104 at 18-20).

Movant replies that the copy of the proposed plea agreement submitted by the government is objectionable because he questions whether it is in fact the proposed plea agreement.[4] (Doc. 108 at 2). Movant asserts that his court appointed counsel would be the only persons who could confirm that the copy of the proposed plea agreement was in fact the proposed plea agreement. (Id.). Movant further asserts that he has made a colorable showing under the standard announced in Lafler v. Cooper, _ U.S. _, 132 S. Ct. 1376 (2012), that he would have accepted a guilty plea that the court would have accepted and that it would have resulted in a less severe sentence. (Doc. 108 at 3).

---

[4] Movant asserts that the proposed plea agreement is objectionable because it does not indicate the nature of the Count Three charge to which he would have pleaded guilty, the dates of the charged offense, the statutes he had violated, or the type or quantity of drug involved. (Doc. 108 at 2). The plea agreement identifies the criminal indictment number, which contains the pertinent information. Drafting a plea agreement in such a manner is not unusual, and it does not give the Court reason to question the accuracy of the submitted copy of the proposed agreement.

9

A criminal defendant possesses a Sixth Amendment right to "reasonably effective" legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). To show constitutionally ineffective assistance of counsel, a petitioner must establish that (1) counsel's representation was deficient and (2) counsel's deficient representation prejudiced him. Id. at 690-92. The Court may resolve an ineffective assistance claim based on either of the above prongs. Bottoson v. Moore, 234 F.3d 526, 532 (11th Cir. 2000). "In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." Lafler, _ U.S. at _, 132 S. Ct at 1384. To show prejudice based on the rejection of a guilty plea offer "a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." Id. _ U.S. at _, 132 S. Ct. at 1385.

As a preliminary matter, there is no need for any of Movant's prior counsel to confirm the legitimacy of the copy of the proposed plea agreement provided by the government. (See Doc. 104, Ex. A). Movant shows no reason to question its accuracy. Further, the pertinent clause of that agreement – the government's tentative agreement that Movant was not a career offender – was quoted on the record and discussed by Movant's counsel Strongwater in Movant's Sentencing Memorandum and in Movant's proffer at the end of the sentencing hearing. (Doc. 68 at unnumbered page 2 n.1; Doc. 87 at 50). It was further quoted and discussed in Movant's appellate brief on direct appeal. Br. of Appellant at 4-5, 27-28, United States v. Cantrell, 516 F. App'x 847 (11th Cir. 2013), 2012 WL 5893352.

Based on Movant's admission that Manciagli agreed with the government's statement in the formal plea agreement, (Doc. 101 Mem. at 2), it appears that Manciagli discussed the proposed plea agreement with Movant. Additionally, based on Movant's representations to the Court it is apparent that, based on counsel's alleged advice that he would not qualify as a career offender, Movant was unwilling to plead guilty and did not think that there would be a significant difference in pleading guilty versus going to trial. The issue, thus, is whether counsel's advice on Movant's career offender status was ineffective, and Movant's contradictory claims – that he was not

11

informed at all of the December 2011 plea offer and/or that he was inadequately advised on that offer – do not require a different analysis.

Even if Movant had been advised that he qualified as a career offender and had accepted a guilty plea agreement under Fed. R. Crim. P. 11(c)(1)(B) such as the one that was proposed, there is no reasonable probability that the result would have been different. The clause at issue did not bind the government to recommend that Movant was not a career offender in the event that it discovered additional information showing otherwise. Further, even if it did bind the government[5] or the government had persisted in its recommendation that Movant was not a career offender, the Court would not have been bound by that recommendation. Based on the PSR, the Court would, again, have concluded that Movant is a career offender. Movant's offense level and guidelines range would have been (1) an offense level of thirty four and a guidelines range of 262 to 327 months or (2) an offense level of thirty two (with a two-

---

[5]The government was aware of Movant's 1996 conviction at the time it made the plea offer in December 2011, and it appears from the record in the first case against Movant that as early as December 2010 the government may have had access to the information on Movant's probation revocation for his 1996 conviction. Had the December 2011 proposed plea agreement been accepted by both parties, it may be that the agreement – "based upon the information currently available to the Government, Defendant is not a Career Offender" – would have been binding on the government. (Doc. 104, Ex. A at 5-6).

level adjustment for acceptance of responsibility) and a guidelines range of 210 to 262 months.[6]  See U.S.S.G. ch.5, pt. A, Sentencing Table.  Based on the applicable guidelines range, either as a result of the proposed plea agreement or after trial, and the Court's stated concerns regarding Movant's criminal history, there is no reason to believe that a conviction and sentence on one count of the indictment under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed for his convictions on three counts of the indictment.  See Gauthier v. Mekusker, 186 F. App'x 903, 905, 911-12 (11th Cir. 2006) (finding no prejudice based on counsel's failure to move for dismissal of two time-barred charges for which the petitioner had received two fifteen-year sentences, which he was to serve concurrently with two life sentences and three twenty-two year sentences); Green v. United States, 65 F.3d 546, 551 (6th Cir. 1995) (finding lack of prejudice when sentence at issue was being served concurrently with a longer sentence); Arnold v. Larson, No. 13-13253, 2014 WL 2587625, at *12 (E.D. Mich. June 10, 2014) ("[P]etitioner cannot show that he was prejudiced by counsel's failure to properly communicate with him regarding

---

[6]Even with a three-level adjustment, Movant's guidelines range would have been 188-235 months, more than the 180-month sentence the Court imposed.

AO 72A
(Rev.8/82)

this plea offer. . . . Because the sentences were concurrent, he suffered no additional punishment as a result of being convicted of four rather than three counts.").

## IV.     Certificate of Appealability (COA)

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." To satisfy that standard, a movant must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Lott v. Attorney Gen., 594 F.3d 1296, 1301 (11th Cir. 2010) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)) (internal quotation marks omitted).

It is recommended that a COA is unwarranted because it is not debatable that Movant has failed to show that he was prejudiced by counsels' alleged deficient representation. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court

AO 72A
(Rev.8/82)

of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

## V. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's motion, (Doc. 101), to vacate, set aside, or correct his federal sentence be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255 motion from the assigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED** this 24th day of June, 2014.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

15

AO 72A
(Rev.8/82)