**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| GREGORY BERNARD CANTRELL, | : | MOTION TO VACATE |
| | : | 28 U.S.C. § 2255 |
| Movant, | : | |
| | : | CRIMINAL INDICTMENT NO. |
| v. | : | 1:10-CR-0522-SCJ-JFK-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL FILE NO. |
| Respondent. | : | 1:13-CV-4284-SCJ-JFK |
| | : | |

## ORDER ADOPTING MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

The matter is before the Court on the Final Report and Recommendation ("R&R") issued by United States Magistrate Judge Janet F. King [109] and on Movant's objections [111].

In reviewing a Magistrate Judge's Report and Recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548

(11th Cir. 1988)) (internal quotation marks omitted).  Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b).

## I.     Discussion

Movant was convicted in this Court on three counts of possessing with intent to distribute heroin.  (See R&R [109] at 4-5.)  In the presentence investigation report ("PSR"), Movant was classified as a career offender under U.S.S.G. § 4B1.1 (dictating that career offender classification requires at least two prior felony convictions for a crime of violence or a controlled substance offense).  (See id. at 5.)  The Court overruled Movant's objections on the matter and classified Movant as a career offender.  (See id. at 6.)  Movant's guidelines range was 262 to 327 months.  (See id.)  The Court sentenced Movant below the guidelines range to 180 months in confinement, with the 180 months to run concurrently for all counts.  (See id.)  The Court, however, expressed its concerns with Movant's addiction, continued criminal history, and willingness to facilitate others becoming addicts and found that a lesser

2

sentence would not be reasonable.  (See Tr. [87] at 42-44.)  The Eleventh Circuit Court

of Appeals affirmed.  (See R&R [109] at 7.)

Movant argues in his § 2255 motion that counsel performed deficiently by

advising him that he would not be sentenced as a career offender and by failing to

communicate adequately the government's plea offer.  (Mot. [101] at 4.)  Movant

asserts that he was prejudiced because "[b]ased on counsel's advise [sic] he rejected

the plea offer and proceed [sic] to trial, only to receive a much harsher sentence . . . ."

(Id.)  Movant also stated that counsel Jeffrey P. Manciagli failed to communicate the

plea offer and that he did not learn of it until Jay Lester Strongwater was appointed for

trial.  (Aff. [105-1] ¶¶ 21-23.)

The Magistrate Judge found that Movant's claim failed because he did not show

prejudice.

> Even if Movant had been advised that he qualified as a career
> offender and had accepted a guilty plea agreement . . . such as the one that
> was proposed, there is no reasonable probability that the result would
> have been different.  The [proposed agreement] did not bind the
> government to recommend that Movant was not a career offender in the
> event that it discovered additional information showing otherwise.
> Further, even if it did bind the government[] or the government had
> persisted in its recommendation that Movant was not a career offender,
> the Court would not have been bound by that recommendation.  Based on
> the PSR, the Court would, again, have concluded that Movant is a career
> offender.  Movant's offense level and guidelines range would have been

3

(1) an offense level of thirty four and a guidelines range of 262 to 327 months or (2) an offense level of thirty two (with a two-level adjustment for acceptance of responsibility) and a guidelines range of 210 to 262 months.[1]  See U.S.S.G. ch.5, pt. A, Sentencing Table.  Based on the applicable guidelines range, either as a result of the proposed plea agreement or after trial, and the Court's stated concerns regarding Movant's criminal history, there is no reason to believe that a conviction and sentence on one count of the indictment under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed for his convictions on three counts of the indictment.  See Gauthier v. Mekusker, 186 F. App'x 903, 905, 911-12 (11th Cir. 2006) (finding no prejudice based on counsel's failure to move for dismissal of two time-barred charges for which the petitioner had received two fifteen-year sentences, which he was to serve concurrently with two life sentences and three twenty-two year sentences); Green v. United States, 65 F.3d 546, 551 (6th Cir. 1995) (finding lack of prejudice when sentence at issue was being served concurrently with a longer sentence); Arnold v. Larson, No. 13-13253, 2014 WL 2587625, at *12 (E.D. Mich. June 10, 2014) ("[P]etitioner cannot show that he was prejudiced by counsel's failure to properly communicate with him regarding this plea offer. . . . Because the sentences were concurrent, he suffered no additional punishment as a result of being convicted of four rather than three counts.").

(R&R [109] at 12-14.)  The Magistrate Judge recommends that the § 2255 motion and a certificate of appealability be denied.  (Id. at 15.)

Movant objects that his claim that counsel provided incompetent assistance was left unresolved even though he argued that counsel did not fulfill his duty to Movant.

---

[1]The Magistrate noted, that even with a three-level adjustment, Movant's guidelines range would have been 188-235 months, more than the 180-month sentence the Court imposed.

AO 72A
(Rev.8/82)

(Objections [111] at 2.) Movant objects that the Magistrate Judge found an evidentiary hearing unnecessary even though the facts in Movant's affidavit and Manciagli's statements (as recorded in an e-mail provided by the government) are contradictory on whether Manciagli conveyed the plea offer to Movant. (Id. at 3-4.) Movant appears to object that the Magistrate Judge failed to determine whether counsel conveyed the proposed plea agreement in a timely manner or whether counsel misadvised Movant that he was not a career offender. (Id. at 4-5.) Finally, Movant objects generally to the Magistrate Judge's recommendation to deny a certificate of appealability. (Id. at 5.)

The Court has reviewed the matter *de novo* and agrees with the Magistrate Judge that Petitioner fails to show prejudice. The Court is not required to determine whether or not counsel performed deficiently, or to hold an evidentiary hearing to determine counsel's deficient performance, if it determines that the movant cannot show prejudice. See Bottoson v. Moore, 234 F.3d 526, 532 (11th Cir. 2000) ("It is well established that a habeas petitioner must demonstrate both deficient performance and prejudice, and that a failure with respect to either prong constitutes a failure to demonstrate ineffective assistance of counsel.").

AO 72A
(Rev.8/82)

## II.     Conclusion

Accordingly,

**IT IS ORDERED** that Movant's objections [111] are **OVERRULED**, that the

Magistrate Judge's Report and Recommendation [109] is **ADOPTED** as the Order of

the Court, and that Movant's § 2255 motion [101] and a COA are **DENIED**.

**IT IS SO ORDERED** this 31st day of July, 2014.

s/Steve C. Jones
STEVE C. JONES
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)